IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) CR 08-B-0110-S |
| | ) |
| **MATTHEW GLASSCOCK,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This case comes before the court on defendant's Motion for Bond Pending Appeal. On May 12, 2008 United States District Judge James H. Hancock found that Matthew Glasscock, movant in the above-captioned criminal action, had violated the terms and conditions of the supervised release imposed following his conviction in the Northern District of Alabama[1]. Judge Hancock sentenced Mr. Glasscock to a custodial term of 24 months. Mr. Glasscock notes that the 24-month sentence imposed by Judge Hancock was in excess of a 6 to 12 month sentencing range recommended by the Advisory Sentencing Guidelines. The defendant argues that Judge Hancock "... impos[ed] this sentence to facilitate [Glasscock's] receipt of mental health treatment." (Doc. #16, ¶ 3).

The court has read the transcript of the supervised release revocation hearing held before Judge Hancock on May 12, 2008. In imposing a 24-month sentence Judge Hancock stated in part:

> The Court does not find, however, a reasonable sentence within that Guideline range. The Court finds that a custodial sentence of 24 months is a reasonable sentence, and not greater than necessary to comply with the statutory purposes of sentencing that are set forth in 3553(a).
>
> The Court is particularly concerned that the defendant have an opportunity, once again, to be evaluated for his major depression, or other mental emotional experience that he is undergoing; and also, at the same time, to receive some evaluation and treatment for his polysubstance problems.

---

[1] Judge Hancock conducted the final revocation hearing as the undersigned was unavailable due to illness.

>The Court, in imposing the custodial sentence it would impose, requests that he go to a facility where evaluation for both of those are promptly available to him. And that treatment, as necessary, for either or both of those substances, each of those conditions that he has, the poly-substance condition, or the major depression condition, is available.
>
>The Court, therefore, imposes a custodial sentence of 24 months, and is doing that to provide the opportunity for this full evaluation of polysusbstance again; and, more importantly, the mental health and another opportunity to understand the need to take medication to assist him in handling his mental health problems.
>
>The Court concludes that this sentence is necessary for him, personally, as well as to prevent further violations of law which his record will suggest would be coming down the pike pretty soon but for being incarcerated and at the same time getting control of his emotional problems.
>
>This will actually conclude the sentence because the court will not impose a term of supervised release to follow this 24-month period.
>
>And I might say, Mr. Glasscock, for you, the 24-month is a sentence but you've already served about four or five months of that, based on incarceration you've experienced in recent months.
>
>I would like to get you a full 24 months but I really can't. I think you need that. So the 24-month is not a full 24 months for getting good time. It will be – 20 or 19 months something in that neighborhood, I am led to believe.

(Doc. 14 at p. 57-58.)

Mr. Glasscock has appealed the sentencing alleging that the determination that mental health treatment would require a sentence longer than that imposed by the Advisory Guidelines was error. He contends that were he to prevail the matter would be remanded for resentencing. He seeks release pending appeal of his sentencing claim under the provisions of 18 U.S.C. § 3143(b).

A district court may revoke a term of supervised release and impose a term of imprisonment after finding by a preponderance of the evidence that a defendant has violated the condition of his

supervised release and after considering certain statutory factors. *See* 18 U.S.C. § 3583(e). Those factors include:

(1)　　the circumstances of the offense and the history and characteristics of the defendant;

(2)　　the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)　　the need to afford adequate deterrence of criminal conduct;

(4)　　the need to protect the public from further crimes of defendant;

(5)　　**the need to provide defendant with needed educational or vocational training, medical care or other correctional treatment** (emphasis added);

*See id.*, 18 U.S.C. § 3553(a).

Although a district court is obligated to consider the factors as a whole, nothing in Supreme Court or Eleventh Circuit authority requires the district court to discuss them separately. See *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding, in a direct sentence appeal, that "nothing in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) or elsewhere" requires explicit discussion of 3553(a) factors). When a sentence outside of the recommended guideline range is imposed, a district court must "ensure that the justification is sufficiently compelling to support the degree of variance," but extraordinary circumstances are not required to justify a sentence. *Gall v. United States,* 552 U.S. ____, ____, 128 S.Ct. 586, 595, 597, 169 L.Ed.2d 453 (2007). The law requires that a reviewing court gives due deference to a district court's decision that the 3553(a) factors on the whole justify the extent of the variance. "The weight to be accorded a given 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2000) (quotation and citations omitted). The statute expressly provides that a court may impose a sentence outside the advisory guidelines

3

range for reasons related to medical care or other correctional treatment. Chapter 7 of the United States Sentencing Guidelines merely provides guidance on the length of sentence to be imposed after revocation. Chapter 7 is not binding. The district court need only be aware of and consider its recommendations. *United States v. Aguillar*, 217 F.3d 1319, 1320 (11th Cir. 2000).

Title 18 U.S.C. § 3143(b)(1)(B) requires a finding that Mr. Glasscock has raised a "substantial" question of law or fact likely to result in "a reduced sentence to a term of imprisonment less than the total time already served less the expected duration of the appeal process." Mr. Glasscock concedes that even if he were to prevail on the sentencing claim the applicable guideline range was 6 to 12 months. There is no evidence that the appeal time will take longer than the time left on Mr. Glasscock's sentence. But assuming such evidence exists, he has not raised a substantial question of law or fact on appeal. A "substantial question" is defined by the Eleventh Circuit as "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that could very well be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

Applying the substantial question analysis of 3143(b) to the supervised release sentence imposed by Judge Hancock in light of the factors enumerated at 18 U.S.C. § 3553, it is clear Mr. Glasscock is not entitled to relief. Judge Hancock considered the appropriate factors, imposed a sentence warranted by those factors while exercising the discretion authorized by both the statute itself and controlling authority. The issue raised by Mr. Glasscock on appeal is not a substantial one for the purposes of 28 U.S.C. § 3143(b).[2]

---

[2] The court observes that Mr. Glasscock contends in his motion that he is not receiving the mental health treatment for which the sentence was imposed. Assuming this to be true, the fact is irrelevant to Judge Hancock's exercise of discretion in fashioning an appropriate sentence at the time the revocation of supervised release took place.

Based on the foregoing, Mr. Glasscock's Motion for Release Pending Appeal of the sentence imposed on May 12, 2008, is due to be and hereby is **DENIED**.

Done this 31st day of October, 2008.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE